IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH FERRIS<br>1137 New Holland Ave.<br>Lancaster, PA 17601 | :<br>:<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No. _____<br>: |
| v. | :<br>: |
| MORGAN CORPORATION<br>d/b/a MORGAN TRUCK BODY<br>111 Morgan Way<br>Morgantown, PA 19543<br>    and<br>MORGAN TRUCK BODY, LLC<br>111 Morgan Way<br>Morgantown, PA 19543 | :<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## **CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## **INTRODUCTION**

1. This action has been initiated by Judith Ferris (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Morgan Corporation and Morgan Truck Body, LLC (hereinafter collectively referred to as "Defendants," unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), and Pennsylvania common law.[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA claims identically.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Morgan Corporation is a corporation headquartered at the above-captioned address that produces truck bodies and van bodies.

9. Defendant Morgan Truck Body, LLC is a company located at the above-captioned address that produces truck bodies and van bodies.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendants on or about December 17, 2018.

14. Plaintiff was originally hired by Defendants as a line worker, working on the reefer line.

15. However, shortly after Plaintiff's hire, she suffered a work-related injury to her back, reported the same to Defendants' management, and filed a worker's compensation claim.

16. As a result of her aforesaid back condition (stemming from her work-related injury in or about December of 2018), Plaintiff was at times limited in her ability to perform some daily life activities, including but not limited to pushing, pulling, lifting and performing manual tasks.

3

17. As a result of her aforesaid back conditions, Plaintiff requested and was placed on light duty for several months (working a reduced schedule of 8 hours per day doing non-laborious work).

18. Plaintiff eventually moved back to the reefer line after several months of being on light duty (as an accommodation for her aforesaid disabilities).

19. However, in or about the spring of 2019, Plaintiff suffered another work-related injury to her back while performing work for Defendants.

20. Following her work-related injury in or about the spring of 2019, Plaintiff again filed a worker's compensation claim.

21. Due to her aforesaid back condition (stemming from her work-related injuries), Plaintiff was again restricted in her ability to lift, push, pull, and stand.

22. As a result of her disabilities and limitations (discussed *supra*), Plaintiff again requested the ability to be place on light duty in the spring of 2019.

23. Plaintiff's aforementioned accommodation request for light duty in the spring of 2019 was granted and approximately 5 months before being involuntarily separated from her employment (discussed *infra*), Plaintiff was permanently moved to a position within Defendants performing data entry.

24. In addition to requesting light duty assignments following her aforesaid work-related injuries, Plaintiff also (on occasion) requested intermittent time off from work (when she had a flare up of her health conditions and was unable to get out of bed).

25. After apprising Defendants' management of her aforesaid health conditions and need for reasonable accommodations and following her claims for worker's compensation, Plaintiff was subjected to hostility and animosity by Defendants' management – including but

not limited to, being issued written discipline for attendance points – which she should have never been assessed.

26. In addition to issuing her discipline for baseless and/or unwarranted attendance points, Plaintiff also complained on multiple occasions to Defendants' management that several medical bills related to her aforesaid work-related injuries had not been paid (even though her worker's compensation claim had been closed).

27. Plaintiff's complaints regarding unpaid medical bills that should have been covered under Defendants' worker's compensation insurance continued up until the day before her termination, when the aforesaid unpaid medical bills were presented to Candy Taddel in Defendants' Human Resources department.

28. On or February 6, 2020, Plaintiff was informed that she was being terminated from her employment with Defendants.

29. The reason provided for Plaintiff's aforesaid termination was that she had accumulated too many points under Defendants' attendance policy.

30. However, Plaintiff believes and avers that her termination was completely pretextual for reasons including, but not limited to:

    (1) Other employees within Defendants have acquired more points than Plaintiff but have not been terminated.

    (2) Plaintiff was assessed points for time she had missed work due to flare ups of her health condition (a reasonable accommodation under the ADA);

    (3) Even though Plaintiff was working a reduced schedule for a period of time because of her aforesaid health conditions, Defendants'

    management never changed her scheduled hours. Instead, upon information and belief, Plaintiff was assessed points for allegedly leaving early (even though she was leaving at her reduced schedule time);

(4) Plaintiff was assessed points for being a no-call/no-show despite Defendants changing the call-out number and never informing Plaintiff of the same;

(5) Plaintiff was assessed points on days that she was unable to clock in because the time clock was not working;

(6) Plaintiff was assessed points for leaving early, even though her manager told her to leave early; and

(7) Plaintiff was even charged with a half point for leaving early on the day of her termination, even though the only reason why she left early that day was because she was informed she had been terminated.[2]

31. Based on the foregoing, Plaintiff asserts that she was terminated in violation of the ADA and Pennsylvania common law.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**(Actual/Perceived/Record of Disability Discrimination; Retaliation; Failure to Accommodate)**
**-Against Both Defendants-**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[2] This is not an exhaustive list of the reasons why Plaintiff disputes the attendance points that were assessed against her in making the decision to issue her progressive discipline and/or terminate her employment.

33. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities (as discussed *supra*).

34. Plaintiff requested reasonable accommodations for her disabilities at various times throughout her employment with Defendants, including but not limited to light duty work, a reduced schedule, and intermittent time off (on a rare occasions when she had a flare up of her health conditions).

35. Plaintiff was issued discriminatory/retaliatory discipline and ultimately terminated from Defendants because of: (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodation, which constitutes unlawful retaliation; and/or (4) Defendants' refusal to accommodate her.

36. These actions as aforesaid constitute violations of the ADA, as amended.

## Second Cause of Action
## Common-Law Wrongful Discharge
### (Public Policy Violation)
### -Against Both Defendants-

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Upon information and belief, Plaintiff was terminated in substantial part for making claims for worker's compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

39. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

40. The animosity that Plaintiff was subjected to following her worker's compensation claims and the temporal proximity between Plaintiff's claim for workers' compensation and her termination creates an inference that her termination was in retaliation for making such a claim.

41. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants' for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

By:    _____
                Ari R. Karpf, Esq.
                3331 Street Road
                Two Greenwood Square, Suite 128
                Bensalem, PA 19020
                (215) 639-0801

Dated: April 5, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Judith Ferris | : | CIVIL ACTION |
| v. | : | |
| Morgan Corporation d/b/a Morgan Truck Body, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 4/5/2021 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1137 New Holland Avenue, Lancaster, PA 17601__

Address of Defendant: __111 Morgan Way, Morgantown, PA 19543__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/5/2021__  __/s/ signature__  __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __4/5/2021__  __/s/ signature__  __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FERRIS, JUDITH

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
MORGAN CORPORATION D/B/A MORGAN TRUCK BODY, ET AL.

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending |  | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and PA Common Law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 4/5/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

Print | Save As... | Reset